No opinion. Johnston, Acting P. J., Sneed, Wenzel and MacCrate, JJ., concur; Adel, J., dissents and votes to reverse the order appealed from and to grant the motion to vacate the order made May 3, 1948, with the following memorandum: The result of the determination about to be made by the majority is to give sanction to the eviction of a tenant of a four-room apartment in a six-family house. The certificate of eviction was obtained, or is about to be obtained, by the landlord pursuant to the order of May 3, 1948, which appellant temporary city housing rent commission moved to vacate. That order was obtained upon the consent of the commission when it appeared that the landlord required the apartment for her own personal use. After the consent order was made it developed that the occupant of another and similar four-room apartment in the same house had vacated that apartment, and the commission, learning of this vacancy similar “ in size and design ” directed a further hearing pursuant to its regulation II (art. II, § 8, subd. [a]). At this hearing it was established that there was such a vacancy and that the landlord refused to make it available to the tenant about to be evicted or to use it herself, stating that this vacant apartment was to be occupied by her daughter and son-in-law, who were then occupying a two-room apartment in the same building, and that the two-room apartment was to be converted into a store for commercial purposes. This conduct on the part of the landlord should not receive the sanction of the court through or by reason of any narrow, technical rules of procedure. It is my opinion that when a landlord seeks to evict a tenant in order to occupy the apartment herself she should be required to accept any other suitable apartment in the same premises which becomes available to her in the meantime, and to cease her efforts against the tenant whom she seeks to evict. If at the same time there is a compelling necessity to obtain additional housing accommodations for the use and occupancy of a child or other relative of the landlord, that should be made the subject of a separate application to the commission. Otherwise the landlord has it within her power to accommodate any number of families claimed to be related, as apartments become vacant, and yet evict another tenant so as to obtain another apartment for herself, despite the fact that she herself needs the apartment at the same time that she is accommodating these other families. In other words, the landlord and not the commission is determining the merits or rights of each of the families of. relatives so accommodated. The landlord in the instant proceeding should have taken the apartment which became vacant on June 1st, and should have made a separate application to the commission on behalf of her daughter. The commission then would have before it the question of the compelling necessity of the daughter for the apartment. Such application was not before it in this case and that question has never been considered. [See post, p. 714.]